# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALFREDO QUIROZ | § | |
| | § | |
| v. | § | No. A-11-CA-387 SS |
| | § | |
| CLAUDE MAYE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are: Alfredo Quiroz's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(Clerk's Doc. No. 1), and Respondent's Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 6).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   GENERAL BACKGROUND

In 2007, Petitioner Alfredo Quiroz pled guilty to two separate drug crimes: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), *United States v. Quiroz*, SA-04-cr-575-RF (W.D. Tex. 2007), and conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, *United States v. Quiroz*, SA-07-cr-258-RF (W.D. Tex. 2007). As part of his plea agreement in the conspiracy case, Quiroz admitted to possessing a firearm. (App. ex. 1 at 5 ¶9(c); at 7 ¶11.) Based on the plea agreement, the pre-sentence investigation report recommended a two-level enhancement of Quiroz's sentence due to the involvement of a dangerous

weapon. (App. ex. 2 at 4 ¶4; at 7 ¶17.) The sentencing court adopted the report, and sentenced Quiroz to 120 months in prison in each case, the sentences to run concurrently.

Quiroz is currently confined at FCI Bastrop, and is taking part in the institution's drug treatment program. Quiroz filed the instant pro se habeas petition under 28 U.S.C. § 2241 on May 12, 2011. He alleges that the Bureau of Prisons (BOP) has abused its discretion by misapplying 18 U.S.C. § 3621(e)(2)(B), the statute that provides the BOP authority to reduce a prisoner's sentence if he completes a drug abuse program. Quiroz has yet to complete the BOP's RDAP. However, upon completion of the program, an inmate convicted of a nonviolent felony may obtain a sentence reduction not exceeding one year, subject to the BOP's discretionary authority under 18 U.S.C. § 3621(e)(2)(B). BOP maintains a policy, codified at 28 C.F.R. § 550.55(b)(5)(ii), which categorically excludes from early release any inmate with a felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm." Quiroz complains about his categorical exclusion from consideration for early release under 28 C.F.R. § 550.55(b)(5)(ii).

Quiroz's argument is that he did not actually possess a firearm; but rather, the weapon was found in a house he had visited earlier in the day, and thus he should not be excluded from consideration for early release. Quiroz asserts he is entitled to an individualized determination of the facts of his case, which he has not been afforded by the BOP. Quiroz also asserts that he is aware of other inmates at FCI Bastrop who had a two-point gun enhancement in their PSR and still received the early release incentive. Quiroz alleges that the BOP's failure to afford him the possibility of early release pursuant to 18 U.S.C. § 3621(e)(2)(B) constitutes a denial of due process of law and equal protection under the law. The parties do not dispute that Quiroz has exhausted his administrative remedies.

## II. ANALYSIS

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district where the prisoner is incarcerated. *Id*.

Quiroz argues that the BOP abused its discretion, violated the Equal Protection Clause of the Fourteenth Amendment, and violated the Due Process Clause of the Fifth Amendment, when it denied him the possibility of early release for completion of the BOP's Residential Drug Abuse Program (RDAP).

### A. Abuse of Discretion Claim

Quiroz claims that the BOP abused its discretion when it failed to make an individualized determination of whether or not he in fact possessed a firearm in excluding him from eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). The BOP asserts that it has unfettered discretion to determine which inmates it will consider for early release. *Warren v. Miles*, 230 F.3d 688, 694 n.4 (5th Cir. 2000). This standard applies to all inmates, including those that did not possess a firearm as part of their conviction. *Id.* Quiroz pled guilty and admitted to possession of a firearm as part of his plea agreement. The BOP, in its discretion, has determined that the conviction of such an offense renders the inmate categorically ineligible for early release, *see* 28 C.F.R. § 550.55(b)(5)(ii), and the Supreme Court has deemed this exercise of discretion permissible. *Lopez v. Davis*, 531 U.S. 230, 244 (2001). Thus, Quiroz cannot now argue that the BOP abused its discretion in its straight-forward application of 28 C.F.R. § 550.55(b)(5)(ii) to him. *See Sanchez v.*

*Tamez*, 330 Fed. Appx. 497 (5th Cir. 2009) (unpublished opinion) (holding that "because the petitioner was categorically ineligible given that his offense involved the possession of a firearm ... his suggestion that reference should be had to the specific facts underlying his conviction to determine his eligibility for early release is unavailing.").

### B. Due Process Violation

Next, Quiroz argues that the BOP denied him due process by declaring him ineligible for early release. In the prison context, the Due Process Clause operates only where a prison action has "infringed or implicated" upon a prisoner's "liberty interest." *Meachum v. Fano*, 427 U.S. 215, 223 (1976). Quiroz has not and cannot identify a liberty interest implicating his rights to due process. The Fifth Circuit has explicitly held that "'[t]he Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.'" *Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) (quoting *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007)); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (finding that an inmate has "no protected liberty interest in receiving a § 3621(e)(2)(B) sentence reduction"). Therefore, the Court rejects Quiroz's due process claim.

### C. Equal Protection Violation

Finally, Quiroz argues that BOP's categorical exclusion policy, which denies him the possibility of a sentence reduction under § 3621(e)(2)(B), is unenforceable because it violates the Equal Protection Clause of the Fourteenth Amendment. He contends that other inmates incarcerated with him in the Bastrop facility have received the time off for RDAP although those inmates also received a two-point weapons enhancement, and thus he is receiving unequal treatment.

These inmates apparently completed their RDAP in the Ninth Circuit, and under BOP rules are receiving the benefit of the Ninth Court's decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th

Cir. 2008), which held that the BOP's categorical exclusion was arbitrary and capricious. While the Fifth Circuit rejected the Ninth Circuit's position when it decided *Handley v. Chapman*, 587 F.3d 273 (5th Cir. 2009), the BOP allows any inmate either incarcerated in the Ninth Circuit, or held within the Fifth Circuit but who completed the RDAP in the Ninth Circuit, to receive early release.

Quiroz contends that he has been denied equal protection under the law because he cannot receive the same relief that the *Arrington* prisoners receive. In the absence of a showing that a fundamental right is implicated, or that plaintiff is a member of a suspect class, courts employ only "rational-basis" review on claims such as Quiroz's. *Handley*, 587 F.3d at 280. Fifth Circuit precedent shows that the relief obtained by the petitioners in *Arrington*, the opportunity to obtain a reduced sentence, is not a "fundamental right." *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). The Fifth Circuit has also recognized that *Arrington* does not create a "basis for equal protection relief for prisoners outside the Ninth Circuit" because such prisoners do not constitute a "suspect class." *Handley*, 587 F.3d at 280 & n.5. Rational-basis review is therefore the appropriate standard, and Quiroz may prevail only by negating "any reasonably conceivable state of facts that could provide a rational basis for the classification" made by the BOP's categorical exclusion policy. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (citation and internal quotation marks omitted). Quiroz has not carried this burden and thus is not entitled to relief. *See Nassiff v. Maye*, 2010 WL 5156710 (W. D. Tex., 2010).

## III.  RECOMMENDATION

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Alfredo Quiroz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1). Quiroz has also requested that he be allowed to submit discovery requests and expand

5

the record.  In light of the foregoing, the Magistrate Judge **RECOMMENDS** that Quiroz's request for discovery be **DENIED**.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE